IN RE BOBBY LEE JONES (MINOR)

No. 55

(Filed 10 November 1971)

1. Infants § 10— amendment of juvenile petition — discretion of district court

The district court acted within its discretion in allowing a juvenile petition to be amended to allege the ownership and value of the property allegedly stolen by the juvenile.

2. Appeal and Error § 3— amendment of juvenile petition — substantial constitutional question — dismissal of appeal

Juvenile's purported appeal from a decision of the Court of Appeals based solely on the assertion that the district court's allowance of an amendment to the juvenile petition deprived him of a constitutional right is dismissed by the Supreme Court ex mero motu for failure to present a substantial constitutional question within the meaning of G.S. 7A-30(1).

PURPORTED appeal by Bobby Lee Jones, respondent, under G.S. 7A-30(1), from the decision of the Court of Appeals reported in 11 N.C. App. 437, 181 S.E. 2d 162, which found "No error" in the juvenile proceedings conducted by *District Court Judge Warren* in CABARRUS District Court.

*Attorney General Morgan, Assistant Attorney General Banks, Staff Attorney Price and Associate Attorney Payne for the State.*

*Thomas K. Spence for respondent appellant.*

PER CURIAM.

The proceedings were initiated February 1, 1971, by petition which alleged that Bobby Lee Jones, aged 15, was a delinquent child "in that he did on or about January 29, 1971, at approximately 9:00 p.m., take, steal and carry away a set of blue lights from a vehicle parked on Buffalo Street, Concord, North Carolina." The verified petition was signed by "D. J. Taylor, Concord Police Department."

On February 17, 1971, respondent, through his counsel, (1) demurred to the petition, (2) moved to quash the petition, and (3) moved to dismiss the proceedings, on the ground the petition was fatally defective because it did not allege the ownership of the property allegedly stolen by respondent. On February 19, 1971, prior to the entry of respondent's plea, Judge Warren heard and overruled respondent's demurrer and motions and allowed an amendment to the petition which alleged the ownership and value of the property. Respondent excepted to each of these rulings. After a hearing on the petition as amended, at which respondent was represented by counsel, Judge Warren found that respondent "did on or about Jan. 29, 1971, take, steal and carry away a set of blue lights, the same being the property of the City of Concord and valued at approximately $40.00," and further found beyond a reasonable doubt that respondent was a "(d)elinquent child." See G.S. 7A-278(2). Upon these findings, Judge Warren committed respondent to the North Carolina Board of Juvenile Correction for an indefinite term, not to extend beyond his eighteenth birthday. See G.S. 7A-286(4)c.

[1] Respondent's appeal, which is based solely on the assertion that the allowance of the amendment deprived him of a consti-

tutional right, is without substance. The amendment was allowed by the judge of the court which had original jurisdiction of the proceedings. If the original petition were quashed, a new petition containing the allegations of the amended petition could have been filed forthwith. As held by the Court of Appeals, the allowance of the amendment was within the discretionary power of the district court judge. Respondent does not contend he was taken by surprise by the allegations in the amendment. The identity of the person who verified the petition and the description of the property alleged to have been stolen sufficed to give respondent full and complete notice of all aspects of the accusation on which the hearing was to be conducted.

[2] This Court, *ex mero motu*, dismisses respondent's purported appeal on the ground it does not directly involve a substantial constitutional question within the meaning of G.S. 7A-30(1).

Appeal dismissed.